Gwendolyn C. WILLIAMS, Appellant,

v.

Alfred WILLIAMS, Jr., Appellee.

No. 12906.

District of Columbia Court of Appeals.

Argued June 8, 1978.

Decided July 27, 1978.

John G. Gill, Jr., Washington, D. C., with whom J. Leon Williams, Washington, D. C., was on the brief and also entered an appearance, for appellant.

Mabel D. Haden, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

PER CURIAM:

This is an appeal from the court-ordered conveyance of appellant's interest in certain real property located in Maryland to appellee pursuant to an award of absolute divorce on the ground of desertion.[1] Appel-

---

1. This is the second time this case is before us. In a Memorandum Opinion and Judgment filed

May 23, 1977 (No. 11341), this court affirmed in part and reversed in part the lower court's

lant raises one issue: the improper choice of the controlling law by the trial court in its determination of the ownership of the Maryland real estate. Since we agree with the appellant that the trial court failed to apply the proper law—that of Maryland— we must remand for further proceedings consistent with this decision.

The parties were lawfully married in Texas on or about June 3, 1953, and subsequently resided in the District of Columbia. Appellant (Gwendolyn Williams) was a legal resident of the District of Columbia at the time appellee (Alfred Williams) sued for divorce. Appellee resided in Maryland. Appellant's residence was thus the basis for our jurisdiction over the divorce proceedings and subsequent distribution of property.

The real property at issue, 2007 Hannon Street, Lewisdale, Maryland, was purchased by and through the sole contribution of the husband one month before the wife's desertion although title was placed in joint ownership of the two parties as tenants by the entirety.

The trial court found that the wife "entered upon a continuous and sustained effort designed to destroy the husband and the marriage." "[S]he applied pressure to compel him to sell the marital abode in Washington and purchase the Maryland property . . . [Her] strong insistance [sic] that the House in Washington be sold, was part of the wife's plans to get all of his money she could and leave him."

■ The law of Maryland differs from that of the District of Columbia upon the question of the resolution of property interests between tenants by the entirety upon divorce. The law of the District of Columbia is set forth in D.C.Code 1973, § 16–910. See Moore v. Moore, 51 App.D.C. 304, 278 F. 1017 (1922). In this jurisdiction, the creation of a tenancy by the entirety in proper-

ty acquired through the sole contribution of one spouse is a gift conditioned upon fulfillment of the marital vows and continuance of the married state. Thus desertion by a spouse and subsequent divorce upon those grounds may result in a divestiture of the conditional gift of a half interest in the property in the favor of the innocent spouse purchaser.

■ The state of Maryland has rejected the Moore doctrine. McCally v. McCally, 250 Md. 541, 243 A.2d 538, 542 (1968). Under Maryland law, in the absence of proof that the acquisition as tenants by the entirety was not a voluntary act, the transaction is presumed to create an absolute gift of a one-half interest in the nonpaying spouse, and the courts will not inquire into the respective contributions of the parties or attempt an apportionment. Anderson v. Anderson, 215 Md. 483, 138 A.2d 880, 883 (1958); Gunter v. Gunter, 187 Md. 228, 49 A.2d 454, 456 (1946); Brell v. Brell, 143 Md. 443, 122 A. 635 (1923). See also Hardy v. Hardy, 250 F.Supp. 956, 961 (D.D.C.1966). Given the conflict in the law of the District of Columbia and Maryland, we must determine what law controls the resolution of the property interest in this case.

■ The District of Columbia has followed the recent trend adopting the "governmental interest analysis" approach to resolve choice of law questions. E. g., Mazza v. Mazza, 154 U.S.App.D.C. 274, 475 F.2d 385 (1973); Fowler v. A & A Co., D.C.App., 262 A.2d 344 (1970); Tramontana v. S. A. Empresa De Viacao Aerea Rio Grandense, 121 U.S.App.D.C. 338, 350 F.2d 468 (1965), cert. denied, 383 U.S. 943, 86 S.Ct. 1195, 16 L.Ed.2d 206 (1966). This approach requires us to evaluate the governmental policies underlying the applicable conflicting laws and to determine which jurisdiction's policy would be most advanced by having its law

judgment and remanded for further proceedings because of the trial court's erroneous "award" of the real property to appellee. The trial court issued a judgment amending its original decision on October 28, 1977, which or-

dered the appellant to execute the necessary deeds and instruments to convey her interest in the real property to appellee. The basis for the judgment apparently remained the same as in the original findings of fact.

applied to the facts of the case under review.[2]

The District's policy interest underlying the forfeiture doctrine was the protection of the innocent purchasing spouse's interest in marital property should there later be cause to divorce a wrongdoing spouse (divorce at the time of the doctrine's establishment then being based upon fault). *Richardson v. Richardson*, 72 App.D.C. 67, 69, 112 F.2d 19, 21 (1940); *Moore v. Moore, supra.*

The courts of Maryland have clearly explained the policy interests lying behind their rejection of the *Moore* doctrine.

> Not that the doctrine of *Moore* does not have much to recommend it, or that we do not view with gravity violations of the marriage bonds; but to incorporate the doctrine of divestiture of the culpable spouse . . . into the law of Maryland would open a Pandora's box, possibly affecting the stability of land titles long thought secure, not to mention the engrafting of complications onto divorce laws already less than perfect. [*McCally v. McCally, .supra*, 250 Md. at 542, 243 A.2d at 542]

The *McCally* court also noted with approval, *supra* at 542, 243 A.2d 538, the reasoning of *Hardy v. Hardy, supra* at 960, where the District Court ruled that the District of Columbia's policy of forfeiture ran counter to Maryland's strong policy interests in "certainty, convenience, and uniformity" of land transactions within its borders.

 In our case, both parties had moved into Maryland upon purchase of the disputed property as a marital abode. The District of Columbia only obtained jurisdiction over this case because the wife deserted her husband and moved into the District, where the husband then sued for divorce. The District can have scant interest in insisting upon the application of its policy toward an innocent purchaser spouse to protect a *Maryland resident* when Maryland real property will be affected and that state has expressed such a strong interest in land title stability and would not protect the innocent spouse. Since "the only relationship of the District of Columbia to this claim is that it provides a forum with jurisdiction over [appellant,] [t]hat is hardly a reason for the forum to prefer its own notions of policy to those embodied in the [Maryland] law . . . ." *Tramontana v. S. A. Empresa De Viacao Aerea Rio Grandense, supra,* 121 U.S.App.D.C. at 346–47, 350 F.2d at 476–77. We hold that Maryland law should have been applied by the trial court to the resolution of the interest in Maryland real estate between the parties.

 While the law of Maryland may not have been fully developed as yet by the cases, it is clear that the Maryland law's presumption of an absolute gift by creation of a tenancy by the entirety can be rebutted by proof of fraud, coercion, or undue influence in procuring the conveyance of the property to husband and wife as tenants by the entirety. *Ensor v. Ensor*, 270 Md. 549, 312 A.2d 286, 290 (1973); *Anderson v. Anderson, supra*, 215 Md. 483, 138 A.2d at 883; *Brell v. Brell, supra.* The burden of proof necessary to rebut the presumption is "by clear and convincing evidence." *Klavans v. Klavans*, 275 Md. 423, 341 A.2d 411, 416 (1975).

Although the trial court's findings of fact make reference to an intent to defraud by the appellant wife, we cannot say that the trial court has made the requisite determinations which would be required under Maryland law to defeat her interest as a tenant by the entirety in the Maryland real estate. Accordingly, we must reverse the judgment ordering appellant to convey her interest in the property to appellee, and remand for further proceedings consistent with this opinion.

*So ordered.*

---

2. *See generally* Milhollin, *The New Law of Choice of Law in the District of Columbia*, 24 Cath.U.L.Rev. 448 (1975).