Carl R. ANDERSON, Appellant,

v.

Janice W. ANDERSON, Appellee.

No. 81–706.

District of Columbia Court of Appeals.

Submitted June 23, 1982.

Decided Aug. 23, 1982.

Louis Fireison, Bethesda, Md., for appellant.

Pamela B. Forbes, Washington, D. C., for appellee.

Before KELLY and KERN,* Associate Judges, and PAIR, Associated Judge, Retired.

PER CURIAM:

Appellee was granted an absolute divorce from appellant on the ground of separation for one year without cohabitation. The issues on appeal are whether the court erred in distributing the parties' Maryland property in accordance with District of Columbia law rather than in accordance with Maryland law, in denying alimony and attorney fees to appellant and in failing to divide appellee's District of Columbia property. We affirm as to the latter two issues but reverse as to the choice of law.

The parties to this appeal were married in the District of Columbia in 1952. They immediately moved to Maryland where they purchased a house in 1956 as tenants by the entirety. In 1977, appellee moved out of the house and into the District of Columbia. Her residence was thus the basis for our divorce proceedings and subsequent property distribution. In its divorce order, the trial court, applying District of Columbia law, awarded appellant a 45% share and appellee a 55% share of the Maryland property.

I

■ While the court had jurisdiction to adjudicate the respective property rights, *Leftwich v. Leftwich*, D.C.App., 442 A.2d 139, 143 (1982), under *Williams v. Williams*, D.C.App., 390 A.2d 4 (1978) (per curiam), it was error for the court to apply District of Columbia rather than Maryland law on this issue. In *Williams*, we applied the District's governmental interest analysis under substantially similar facts, arriving at the conclusion that Maryland law should govern disposition of the marital home in Maryland. The reasoning outlined therein applies equally to the present case.

■ In Maryland, a court has no authority to shift ownership of real property upon divorce. MD.ANN.CTS. & JUD.PROC. § 3–6A–04(a) (1980). *McCally v. McCally*, 250 Md. 541, 243 A.2d 538 (1968); *Anderson v. Anderson*, 215 Md. 483, 138 A.2d 880 (1958). *See also Williams v. Williams, supra.* Accordingly, interests in a tenancy by the entirety are equally divided after divorce. *Ayars v. Ayars*, 50 Md.App. 93, 436 A.2d 490 (1981). The Maryland approach, unlike the District's, authorizes no exercise of discretion on the part of the trial judge. *See id.* Since each party is entitled to an equal share as a matter of law, it is necessary for us to remand for a declaration that the parties have equal rights to the real property.

* *Associate Judge* KERN did not participate in the disposition of this appeal.

**336** 

## II

Appellant contends that the trial court abused its discretion in denying his claim for alimony. "The award of alimony is a matter committed to the sound discretion of the trial court, and its determination will not be disturbed on appeal absent a clear abuse of discretion. There are no fixed rules for determining if and in what amount alimony should be awarded. A general guideline is that alimony is intended to provide 'reasonable and necessary' support to the recipient." *Leftwich v. Leftwich, supra* at 142 (citations omitted).

 In its findings of fact, the court considered the duration of the marriage, the ground for divorce of living separate and apart for one year, the employment history of the parties, the contribution of each to the acquisition and upkeep of the Maryland property, and the facts that the parties' two children are now adults and that appellant is in reasonably good health and able to sustain himself by continuing his self-employment.[1] *See Majette v. Ma-*

*jette,* D.C.App., 261 A.2d 824 (1970). On this record, we are unable to say that the trial court abused its discretion in refusing to award him alimony.

 Similarly, the trial court has broad discretion in the award of counsel fees. *Darling v. Darling,* D.C.App., 444 A.2d 20 (1982); *Ritz v. Ritz,* D.C.App., 197 A.2d 155 (1964). Despite the failure of the court to make a finding on appellee's ability to pay appellant's counsel fees, we find no abuse of discretion since the court found appellant able to sustain himself. *See Lyons v. Lyons,* D.C.App., 295 A.2d 903, 906 (1972); *Darling v. Darling, supra* at 23.[2]

*Affirmed in part and reversed in part.*

---

1. Although there are no firm guidelines in determining whether alimony should be awarded, the spouse's income is a factor and the trial court should have made a finding as to the amount of appellee's income. *Leftwich v. Leftwich, supra* at 142 n.7.

2. Appellant's final claim of error, that the trial court failed to include or consider appellee's condominium located in the District of Columbia in distributing the property, must fail because appellant did not request the trial court to divide this property. *See Hackes v. Hackes,* D.C.App., 446 A.2d 396, 398 (1982).