504 A.2d 672

**Dennis SANDLEITNER, et al.**

v.

**SADUR AND PELLAND, CHARTERED.**

**No. 762, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Feb. 13, 1986.

Certiorari Granted May 23, 1986.

Michael B. Roche, Riverdale, for appellants.

Kerry A. Greenwald, Washington, D.C., for appellee.

Argued before WEANT, ALPERT and KARWACKI, JJ.

WEANT, Judge.

This appeal comes to us from the Circuit Court for Montgomery County. A single issue is presented for our review, namely:

> Did the court below err in imposing judgment against Caroline Sandleitner as a corporate officer solely due to the forfeiture of the corporate charter and despite revival of the corporation?

We shall here reverse the circuit court's judgment against Caroline Sandleitner.

## Facts

The facts of the case *sub judice* are undisputed. On 3 October 1980, the charter of Dennis Tile Sales, Inc. (hereinafter the "Company"), a corporation organized under the laws of Maryland, was forfeited by proclamation of the Governor of Maryland for failure to pay taxes due. Both before and after 3 October 1980, appellee Sadur and Pelland, Chartered, a Montgomery County law firm, was employed by the Company to handle various legal matters for the Company.

On 1 September 1983, appellee filed suit against the Company for $13,773.82, the then outstanding balance for professional services rendered by appellee to the Company. Also named as defendants were Dennis Sandleitner, President and Treasurer of the Company, and Caroline Sandleitner, Secretary of the Company at the time the Company's charter was forfeited. Appellee claimed that Dennis and Caroline Sandleitner, as officers and agents of the Company, were individually liable for business debts incurred by the Company subsequent to forfeiture of its charter; in addition, appellee claimed that Dennis Sandleitner was liable for the $13,773.82 debt by virtue of his personal guarantee of the obligation.

The Company's charter was revived on 20 January 1984; on that same date, the Company filed a Voluntary Petition for a Chapter 7 Bankruptcy in the United States Bankrupt-

cy Court in Baltimore, Maryland, listing appellee as a creditor holding an unsecured claim without priority.

Trial of appellee's claim for unpaid legal fees was had on 27 March 1985. At the conclusion of all of the testimony, the circuit court found Dennis and Caroline Sandleitner, as officers of the Company, individually liable for any debts accrued in the name of the Company while the Company's charter was forfeited.[1] It further found that revival of the Company's charter "did not, in any way, effect [*sic*] any obligation incurred by the individual defendants during the period of forfeiture." The court also found Dennis Sandleitner liable on an additional ground, *i.e.*, an independent promise to pay the claimed indebtedness.

Consequently, the circuit court entered judgment against Dennis and Caroline Sandleitner, individually, in the amount of $13,773.82, with a credit in the amount of $1,864.39 in favor of Caroline Sandleitner only. The credit was given because $1,864.39 of the outstanding legal fee obligation was incurred prior to 3 October 1980, the date the Company's charter was forfeited. It is only the judgment against Caroline Sandleitner that is challenged here.

### *Effect of Revival of Corporate Charter*

█ Neither this Court nor the Court of Appeals has previously addressed the issue now before us. While other courts have faced the question presented, see *In re Hare*, 205 F.Supp. 881 (D.Md.1962); *Deutsch v. Aaron & Lillie Straus Foundation, Inc.*, 155 F.Supp. 551 (D.Md.1957); *Marsh Furniture Co. v. Solomon*, The Daily Record, Dec. 4, 1958 (Balto. City Court, Md.1958), in our view the answer lies in the language and history of Md. Corps. & Ass'ns Code Ann. § 3–513 (1985 Repl.Vol.), entitled "Effect of extension or revival," which provides as follows:

---

1. In her brief, appellant states that "[i]t is clearly the law that an officer is responsible for the debts incurred by the corporate entity during a period of forfeiture ..." We make clear that we do not here decide the validity of that statement.

The reinstatement and extension of a corporation's existence under § 3–501 of this subtitle or the revival of a corporation's charter under § 3–508 of this subtitle has the following effects:

(1) If otherwise done within the scope of its charter, all contracts or other acts done in the name of the corporation while the charter was void are validated, and the corporation is liable for them;

(2) All the assets and rights of the corporation, except those sold or those of which it was otherwise divested while the charter was void, are restored to the corporation to the same extent that they were held by the corporation before the expiration or forfeiture of the charter.

Section 3–513 was enacted in 1975 when the Legislature recodified Maryland's laws pertaining to, *inter alia,* corporations. Acts of July 1, 1975, ch. 311, 1975 Md. Laws 1489. Because § 3–513 has not been amended since its adoption, the Revisor's Note pertaining thereto is instructive; it states: "This section is new language which combines *without substantive change* present Art. 23, §§ 17 and 85(d)." *Id.* at 1664 (emphasis added).

Md.Ann.Code art. 23, § 85(d) (1973 Repl.Vol. and 1974 Cum.Supp.), which virtually restates Md.Ann.Code art. 23, § 17 (1973 Repl.Vol. and 1974 Cum.Supp.), is, in turn, also instructive; it provides as follows:

Such revival of the charter of the corporation shall validate all contracts, acts, matters and things made, done and performed within the scope of its charter by the corporation, its officers and agents during the time when the charter was void, with the same force and effect and to all intents and purposes as if the charter had at all times remained in full force and effect. All real and personal property, rights and credits of the corporation at the time its charter became void and of which it was not divested prior to such revival shall be vested in the corporation, after such revival, as fully as they were held

by the corporation at the time its charter became void. The corporation after such revival shall be liable for all contracts, acts, matters and things made, done or performed in its name and on its behalf by its officers and agents prior to such revival as if the charter had at all times remained in full force and effect.

As pointed out by one commentator, with whom we agree, the strength of the language of Article 23, Section 85(d), as to revival, indicates the absence of an intent on the part of the Legislature to extinguish a corporation completely during the period between forfeiture and revival. The latter section clearly declares that the corporation after such revival shall be liable for all acts performed in its name by its agents prior to revival *as if the charter had at all times remained in full force and effect.* As long as the agent does not contract for a completely non-existent principal, there is no reason to hold that agent personally liable once his disclosed principal has validated the agent's acts and has assumed liability of its own.

19 Md.L.Rev. 144, 150 (1959) (original emphasis).

In the course of recodifying Maryland law regarding the effect of charter revival, the Legislature substituted the first and last sentences of art. 23, § 85(d) with the single sentence now found in § 3–513(1). We view § 3–513 as an effort to achieve linguistic economy without, as the Revisor's Note quoted above states, changing the substance of the law as it existed prior to 1 July 1975. Moreover, we are persuaded that prior to enactment of § 3–513, the law was such that revival of a corporation's charter discontinued any personal liability incurred by a corporate officer who acted in behalf of the corporation during charter forfeiture. Absent a clear expression of legislative intent to the contrary, *see, e.g., Moore v. OSHRC,* 591 F.2d 991 (4th Cir.1979) (Virginia statute under consideration provided that "reinstatement shall have no effect on any question of personal liability of the directors, officers or agents in respect of the period between dissolution and reinstatement." *Id.* at 994

(quoting Section 13.1–92, Code of Virginia, 1950)), we decline to interpret § 3–513 as changing the law as it existed prior to that section's enactment.

Discontinuing an officer's individual liability after revival has a logical consequence. If a corporation's charter is never forfeited, the corporation's creditors have no recourse against an officer absent a personal guarantee or the applicability of other legal theories that give rise to personal liability, such as piercing the corporate veil. Where forfeiture has occurred and revival has followed, § 3–513 provides for corporate validation of an officer's acts performed during forfeiture and assumption of liability for such acts. Therefore, after revival, creditors who have dealt with the corporation during forfeiture stand in the same position that they expected to occupy absent forfeiture.

In the case *sub judice*, revival of the Company's charter validated Ms. Sandleitner's acts and made them the Company's liability, as if at all times the Company's charter had remained in full force and effect. We see no need to accord appellee more than it had a right to expect prior to forfeiture. This is particularly apparent since appellee continued to deal with the Company after forfeiture as though it existed, knowing full well, as its attorneys, that it did not.

JUDGMENT REVERSED.

COSTS TO BE PAID BY APPELLEE.