Jonathan H. MULLER, Plaintiff,

v.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Defendant.

Civ. A. No. 86–1363.

United States District Court, District of Columbia.

Sept. 30, 1986.

Joel DuBoff, Silver Spring, Md., for plaintiff.

James Nolan, Washington, D.C., for defendant.

*MEMORANDUM*

GASCH, Senior District Judge.

In June of 1982, the defendant, Massachusetts Mutual Life Insurance ("MMLIC"), agreed to insure plaintiff Jonathan H. Muller ("Muller") under a disability insurance policy. The policy was issued from MMLIC's headquarters in Massachusetts and was signed in Maryland, Muller's state of residence.

On October 14, 1982, approximately four months later, the policy lapsed when Muller neglected to pay the required premiums. Muller waited five months before rectifying this situation, but on March 14, 1983, his application for reinstatement was accepted by MMLIC.

On March 21, 1983, Muller asserts that he became disabled. Although he properly applied for benefits under his reinstated policy, Muller claims that MMLIC has refused to honor his claim.

Muller contends that MMLIC's refusal to pay benefits to him set in motion a chain reaction which has severely injured him. As a result of his inability to procure proper medical treatment, Muller states that he endured great physical pain and was forced to forego essential surgery to his back, which has resulted in permanent damage thereto. Moreover, Muller asserts that as a result of the pain in his back, and an inability to soothe it with surgery, he became addicted to prescribed pain killers. Muller claims to have incurred substantial debts in obtaining these drugs and claims to have suffered greatly during the subsequent period of withdrawal from them. In addition, Muller desires reimbursement for psychological distress and mental anguish, lost wages, reduced earning capacity, and loss of a credit rating.

## I. DISCUSSION

Muller's complaint is in three counts: (1) breach of the insurance contract (Count I); (2) breach of an implied duty of good faith owed by an insurer to an insured (Count II); and (3) violation of Massachusetts' insurance code, prohibiting unfair methods of competition and unfair and deceptive acts and practices in the insurance industry, Mass.Gen.Laws Ann. ch. 176D (West 1972 & Supp.1986) (Count III). In this motion, MMLIC seeks to dismiss Count II and Count III of Muller's complaint.

### A. *Count II: Allegation of Bad Faith*

In his complaint, Muller identifies conduct by MMLIC which, he claims, constitutes a breach of the defendant's duty of good faith. MMLIC argues that regardless of whether Muller's claims are legitimate, the state law applicable in this case does not afford the relief requested by the

plaintiff; thus, the action must be dismissed. The validity of MMLIC's argument depends upon what law is applicable in this case.

■ The instant action is in federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1331. Muller is a resident of Maryland, and MMLIC is incorporated and headquartered in Massachusetts. In diversity cases, a federal court is bound to apply the state law of the jurisdiction in which it resides to resolve substantive issues, *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), and a state's choice of law rules is a substantive issue under *Erie. Klaxon Company v. Stentor Electric Manufacturing Company,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). The District of Columbia has adopted the governmental interest analysis approach to resolve choice of law questions. *Williams v. Williams,* 390 A.2d 4, 5 (D.C.1978). This approach requires a court "to evaluate the governmental policies underlying the applicable conflicting laws and to determine which jurisdiction's policy would be most advanced by having its law applied to the facts of the case under review." *Id.* at 5–6. In the case at bar, there are potentially two interested states: Maryland and Massachusetts. The law of one of these states will control the final disposition of this case.

■ Notwithstanding the plaintiff's presumption that there is a conflict between these two states' laws, the Court nonetheless declines to engage in a lengthy interest analysis. Choice of law inquiries are unnecessary in the District of Columbia when the policies of one state would be advanced by the application of its law and the policies of those states claimed to be in conflict would not be advanced by application of their law. *See Biscoe v. Arlington County,* 738 F.2d 1352, 1360 (D.C.Cir.1984), *cert. denied,* 469 U.S. 1159, 105 S.Ct. 909, 83 L.Ed.2d 923 (1985). Likewise, there is no need to balance substantive policies

when the law of two or more states, alleged to be in conflict, are in fact compatible. In both situations, a court confronts only a "false conflict"; there is no real *choice* of law, and the court should apply the uncontested policy. *Id.; Williams v. Rawlings Truck Line Inc.,* 357 F.2d 581, 586 (D.C.Cir.1965).[1]

■ The issue before this Court is an archetypal false conflict. The state of Maryland expressly rejects tort claims for bad faith based on an insurer's refusal to pay benefits to a first party insured. *Caruso v. Republic Insurance Company,* 558 F.Supp. 430, 432 (D.Md.1983). Thus, the plaintiff cannot bring his claim if Maryland's law applies.

Moreover, such an action will not lie in Massachusetts. A Massachusetts insurer does have a duty to act in good faith toward its insured. *See Murach v. Massachusetts Bonding and Insurance Company,* 339 Mass. 184, 158 N.E.2d 338, 341 (1959). But in Massachusetts punitive damages are not permitted unless authorized by statute. *Lowell v. Massachusetts Bonding and Insurance Company,* 313 Mass. 257, 47 N.E.2d 265, 272 (1943). The plaintiff's Count II is concededly one for punitive damages. *See* Plaintiff's Opposition at 4. Thus, the Court directs its attention to the applicable Massachusetts statute, providing that

> [I]n any action to recover on an insurance policy, a court may award punitive damages in addition to the amount of the claim, not to exceed twenty-five per cent [sic] of said claim *if the court finds that the party seeking to recover on the insurance policy has been damaged by a violation of sections three or four that has been determined by the commissioner [of insurance].*

Mass.Gen.Laws Ann. ch. 176D (West 1972 & Supp.1986) (emphasis added). This statutory language precludes Muller from recovering punitive damages since the Mas-

---

**1.** Professor Brainard Currie was the first to suggest this mode of analysis and the rule of "false conflicts" has emerged from his writings. *E.g.,* Currie, *Notes on Methods and Objectives in the Conflict of Laws,* 1959 Duke L.J. 171 (1959).

sachusetts insurance commissioner has not found MMLIC to be in violation of section three or four of Chapter 176D.[2] Thus, Muller cannot proceed in Massachusetts on his claim for insurer bad faith since the remedy he desires is unavailable to him in that state.

As the law of Maryland expressly prohibits Muller's action and Massachusetts will not enforce his claim, there is no conflict—the laws of both states are compatible. Count II creates a false conflict of laws. As neither Maryland nor Massachusetts is willing to grant Muller the relief he requests, the defendant's motion to dismiss Count II on the basis of Rule 12(b)(6) is granted.

### B. *Count III: Allegation of Deceptive Trade Practices*

■ Muller alleges that MMLIC has violated a provision of the Massachusetts' insurance code which prohibits unfair methods of competition and unfair and deceptive acts and practices in that industry. *See* Mass.Gen.Laws Ann. ch. 176D § 3(9) (West 1972 & Supp.1986). Muller seeks to recover $100,000 in damages for this violation.

MMLIC would have this Court dismiss this claim on the ground that it fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Regarding this provision, the United States Supreme Court has held that

a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957).

The Supreme Court of Massachusetts interpreted Chapter 176D as providing no private right of action for individuals injured by deceptive insurance practices in *Dodd v. Commercial Union Insurance Company,* 373 Mass. 72, 365 N.E.2d 802,

804 (1977). However, the Massachusetts legislature overruled this decision by statute in 1984 by providing for express access to Chapter 176D by private individuals. Mass.Gen.Laws Ann. ch. 93A § 9(1) (West 1984 & Supp.1986). Thus, MMLIC's contention that Muller cannot bring suit under this statute is unfounded.

Although Muller has the right to sue under Chapter 176D, MMLIC would have the Court deny the availability of the Massachusetts statute on the ground that the state's interests would not be furthered by allowing Muller to utilize the statute. As previously stated, the District of Columbia favors a balancing of the governmental policies underlying applicable conflicting laws. MMLIC claims that Chapter 176D is designed to deter unfair methods of competition and deceptive acts and practices only in Massachusetts. Because the policy at issue was delivered to a Maryland resident, MMLIC deems Chapter 176D inapplicable. However, the conduct by MMLIC challenged in this lawsuit had its origin in Massachusetts. Moreover, Chapter 176D is designed to regulate "the affairs of every person engaged in the business of insurance in [Massachusetts] in order to determine whether such person has been or is engaged in any ... deceptive act or practice...." Mass.Gen.Laws Ann. ch. 176D § 2. Since MMLIC is a Massachusetts corporation, the statute seems manifestly designed to regulate its activities. While limiting its coverage to insurance carriers in Massachusetts, Chapter 176D nowhere identifies Massachusetts residents as the exclusive recipients of the remedy it provides. Such a result would be unusual given the knowledge the Massachusetts insurers do business outside the state. In any case, it is not beyond doubt that Muller cannot prove the Massachusetts statute apposite.

■ As a final argument, MMLIC cites to a Maryland statute which provides in relevant part that,

---

2. Although a limited private right of action under Chapter 176D was recently created by Section 9 of Chapter 93A of the Massachusetts Consumer Protection Code, Mass.Gen.Laws Ann. ch.

93A § 9(1) (West 1984 & Supp.1986), punitive damages were not expressly authorized and thus cannot be permitted. *Lowell,* 47 N.E.2d at 272.

no ... health insurance policy shall be delivered or issued for delivery in this state if it contains any of the following provisions: (1) A provision that the contract is to be construed according to the laws of any other state or country.

Maryland Insurance Code Ann. Art. 48A, § 377A (1978). MMLIC argues that the inference of this provision is that Massachusetts' law cannot be relied upon to decide this dispute. In fact, MMLIC's insurance contract with Muller contains no provision requiring any law but Maryland's to apply to any disputes between the parties;[3] thus, the Maryland statute is inapplicable by its own terms. Nevertheless, the statute does serve as an indication of Maryland's governmental interest in this dispute. Examination of these interests reveals that once again there is only a false conflict. Clearly, Maryland's legislature intends its own laws to regulate those insured within the state's boundaries. But, this desire to protect Maryland residents seems no basis for displacing a Massachusetts' policy intended to regulate its insurers. In fact, allowing this suit by Muller to go forward may actually further Maryland's policy of protecting its residents. Thus, MMLIC's motion to dismiss Count III on the ground that it states no claim upon which relief can be granted is denied.

## ORDER

Upon consideration of the defendant's motion to dismiss Count II and Count III of the plaintiff's complaint, the memoranda of points and authorities in support thereof and in opposition thereto, the entire record herein including the oral argument of September 17, 1986, and for the reasons stated in the accompanying memorandum, it is by the Court this 29th day of September, 1986,

ORDERED that the defendant's motion to dismiss Count II of the plaintiff's complaint be, and hereby is, granted; it is further

ORDERED that the defendant's motion to dismiss Count III be, and hereby is, denied.

---

**3.** In fact, Muller's policy agrees to comply with the minimum requirements of Maryland's statutes. *See* Defendant's Motion to Dismiss at 7.