515 A.2d 476

**SADUR AND PELLAND, CHARTERED**

v.

**Caroline SANDLEITNER.**

**No. 39, Sept. Term, 1986.**

Court of Appeals of Maryland.

Oct. 7, 1986.

Gail A. Nettleton, Washington, D.C., for appellant.

Michael B. Roche, Riverdale, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RO-DOWSKY, COUCH and McAULIFFE, JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals of Maryland (retired) Specially Assigned.

PER CURIAM.

Sadur and Pelland, Chartered, plaintiff, a Washington, D.C. law firm on September 1, 1983, sued Dennis Tile Sales, Incorporated (the Company), a Maryland close corporation, and its officers, Dennis Sandleitner (Dennis) and his wife, Caroline Sandleitner (Caroline), for nonpayment of fees for legal services rendered on behalf of the Company. The Company's charter had been forfeited on October 3, 1980, and revived on January 20, 1984. On the latter date the Company voluntarily filed in bankruptcy and the instant proceedings against it were automatically stayed.

The circuit court entered judgments against Dennis and Caroline; Caroline appealed; and the Court of Special Appeals reversed. *Sandleitner v. Sadur & Pelland, Chartered,* 66 Md.App. 428, 504 A.2d 672 (1986). We granted certiorari, but order dismissal of the appeal for lack of a final judgment. MD.R. 2–602; *Starfish Condominium Association v. Yorkridge Service Corp.,* 292 Md. 557, 440 A.2d 373 (1982).

On remand the parties and trial court may wish to consider, even before reaching the issue of the effect of charter revival on debts incurred during the period of forfeiture, (1) the ownership of the Company, (2) whether Caroline is a party to the contract sued upon, and (3) the legal effect, if any, of the plaintiff's obtaining, or attempting to obtain, a guarantee from Dennis alone while the plaintiff had knowledge of the forfeiture.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED, AND CASE REMANDED TO THAT COURT

WITH DIRECTIONS TO DISMISS THE APPEAL. COSTS TO ABIDE RESULT.