resents a final adjudication of these attorneys' fees cases.

Peggy F. FORD, Plaintiff,

v.

COMMONWEALTH LAND TITLE IN-
SURANCE COMPANY, Defendant
and Third–Party Plaintiff,

v.

Elizabeth H. FARQUHAR, et al.,
Third–Party Defendants.

Civ. A. No. 86–2335 SSH.

United States District Court,
District of Columbia.

July 22, 1988.

Fred C. Sacks, Katherine M. Greene, Washington, D.C., for plaintiff.

Leonard C. Collins, Washington, D.C., for Commonwealth Land Title Ins. Co.

David P. Durbin, Washington, D.C., for Elizabeth Farquhar.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on the motion for summary judgment of third-party defendant Elizabeth Farquhar (hereinafter Farquhar). Upon consideration of the motion, the opposition and reply thereto, and the entire record herein, the Court concludes that there remain genuine issues of material fact and that Farquhar is not entitled to judgment as a matter of law. Accordingly, the motion is denied.

### Background

Plaintiff, Peggy F. Ford, and Michael D.D. Brown, as tenants in common, purchased real property located at 234 Park Avenue, Baltimore, Maryland (hereinafter 234 Park Avenue). Believing she had been cheated in connection with that purchase, Ford brought suit against Brown; John P. Ferguson, the real estate agent involved in the transaction; Investors Title, which had conducted the real estate settlement; and Norman J. Farquhar, who conducted the day-to-day operations of Investors Title. That action was entitled *Ford v. Ferguson,* Law No. 60,139 (Md.Cir.Ct., Mont.Cty.). On October 14, 1982, while the litigation in *Ford v. Ferguson* was still pending, the State of Maryland annulled the corporate charter of Investors Title. Nevertheless, on May 5, 1983, as part of the settlement agreement in that action, Norman J. Farquhar agreed that Investors Title, on behalf of Commonwealth Land Title Insurance Company (hereinafter Commonwealth),

would issue Ford a standard title insurance policy for 234 Park Avenue. The policy insured Ford against loss or damage incurred by reason of liens on, or the unmarketability of, the title to 234 Park Avenue. Investors Title issued the policy on behalf of Commonwealth on May 19, 1983, which was over seven months after Investors Title's corporate charter had been forfeited. Farquhar, then a director and officer of Investors Title, countersigned the policy.

In 1986, when Ford tried to sell 234 Park Avenue, she discovered three unsatisfied judgment liens recorded on the property against her former co-tenant, Brown. All three of the liens apparently attached before Investors Title issued the title insurance policy. At that point, Ford brought the instant suit against Commonwealth to enforce the policy and for damages, and Commonwealth brought this third-party action against Farquhar and others for negligence in conducting the title search and for breach of contract.[1]

Under the terms of an agency agreement dated February 10, 1981, Commonwealth agreed to allow Investors Title to act as its agent in the District of Columbia and in Charles, Montgomery, and Prince Georges Counties, in Maryland. The agreement provided that Investors Title would indemnify Commonwealth and would issue policies of title insurance in accordance with the laws of the State of Maryland.

### Discussion

#### I. Choice of Law

■ In diversity cases, federal courts must follow the conflict of laws rules of the state in which they sit. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The District of Columbia law uses the "governmental interests" analysis to resolve choice-of-

---

1. Commonwealth named Farquhar, Norman J. Farquhar, and Investors Title as defendants in the third-party complaint. By Order dated February 4, 1987, the Court dismissed the third-party complaint as to Norman J. Farquhar because the complaint had not been served on him within the time limitations specified in the Federal Rules of Civil Procedure. The complaint properly was served on Investors Title and Investors Title never answered the complaint. The Court did not require Commonwealth to cause default to be entered against Investors Title because the Court had been advised that Investors Title was a defunct corporation that had no assets.

law questions. *Williams v. Williams*, 390 A.2d 4, 5 (D.C.1978). That analysis requires the Court to determine which jurisdiction's policy would be most advanced by having its law apply. *Id.* at 4–5. Three jurisdictions have an interest in this case. The first, Pennsylvania, is the state in which Commonwealth is incorporated. The second, the District of Columbia, is included in the territory for which Investors Title was authorized to issue title insurance policies under the Commonwealth/Investors Title agency agreement. The third, Maryland, is the situs of 234 Park Avenue, is the state in which Investors Title was incorporated, is included in the territory for which Investors Title was authorized to issue title insurance policies under the agency agreement, and is the state in which the alleged wrongful conduct took place. Further, one of the issues in this case concerns the liability of an officer of a Maryland corporation for actions taken in the name of the corporation after Maryland had annulled the corporate charter. Maryland has the most substantial interest in having its laws apply. Therefore, the Court will apply Maryland law to this action.

## II. *Liability of Farquhar as a Corporate Officer*

The general rule that a corporate officer cannot be held personally liable for a corporate act, *A.B. Corp. v. Futrovsky*, 259 Md. 65, 267 A.2d 130, 137 (1970), does not apply when the corporate charter has been forfeited. "Persons who continue business operations and incur debts in the name of a forfeited corporation, after forfeiture and prior to revival, are individually liable for such debts." *In re Hare*, 205 F.Supp. 881, 883 (D.Md.1962).[2] However, the directors of an annulled corporation acting as trustees of its assets may "[d]o all other acts consistent with law and the charter of the corporation necessary or proper to liquidate the corporation and wind up its affairs." Md.Corps. & Ass'ns Code Ann. § 3–515(c)(4) (Supp.1987).

■ Investors Title's corporate charter had been annulled at the time it issued the policy in question, so Farquhar is individually liable for any debt incurred by Investors Title as a result of its issuance of the policy, unless Farquhar's actions were consistent with law and were necessary or proper to wind up the affairs of Investors Title. As will be discussed more fully below, Farquhar's actions neither were necessary or proper to wind up the affairs of Investors Title nor appear consistent with law.

The *Ford v. Ferguson* action commenced before the State of Maryland annulled Investors Title's corporate charter. Accordingly, resolving that action was necessary and proper to wind up the affairs of Investors Title. Allowing Investors Title to issue a title insurance policy as part of the settlement agreement for that action, however, was not necessary or proper. Even if a settlement could have been reached only if a title insurance policy had been issued, any number of insurance companies or agents could have issued the policy.

Moreover, issuing a title insurance policy after Investors Title's charter was annulled does not appear to be an act "consistent with law." First, under Maryland law, a person who transacts business in the name of a corporation, knowing that the corporation's charter has been annulled, is guilty of a misdemeanor, and, in the absence of clear evidence to the contrary, any officer or director of such a corporation is presumed to know of the forfeiture. Md. Corps. & Ass'ns Code Ann. §§ 3–514(a) & (b) (Supp.1987). Farquhar, an officer and director of Investors Title, appears to have committed a misdemeanor by issuing the insurance policy. Second, it appears that the issuance of the policy violated the provisions of Maryland's Insurance Code. Farquhar, therefore, could be held individually liable for any debt Investors Title incurred as a result of its issuance of the title insurance policy to Ford.

---

**2.** Although the highest court of the State of Maryland has not addressed the issue, *Sadur and Pelland, Chartered v. Sandleitner*, 307 Md. 522, 515 A.2d 476 (1987), the Court concludes that that court would follow *In re Hare* as it applies to this case.

### III. *Ratification by Commonwealth*

 Farquhar contends that she is not liable for any wrongful actions done in connection with the issuance of the insurance policy to Ford because Commonwealth ratified the issuance of the policy by not objecting to it. The Court does not agree. A principal may ratify the unauthorized actions of its agent. *Progressive Casualty Insurance Co. v. Ehrhardt*, 69 Md.App. 431, 518 A.2d 151, 156 (1986). "Ratification requires an intention to ratify and knowledge of all facts" on the part of the principal. *Id.* (citation omitted). Investors Title's unauthorized actions included (1) issuing a policy for property located outside the area for which Commonwealth authorized Investors Title to issue title insurance policies, and (2) issuing a policy when it could not lawfully issue an insurance policy. There is no evidence in the submissions before the Court to show that Commonwealth had knowledge of the material fact that Investors Title's corporate charter had been annulled and that Investors Title apparently unlawfully issued the policy to Ford. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (party seeking summary judgment bears responsibility of identifying the evidence that the party believes demonstrates the absence of a genuine issue of material fact). Farquhar has not shown that Commonwealth ratified the issuance of the policy to Ford.

### IV. *The Agency Agreement*

 Farquhar contends that she is shielded from liability by the language of the agency agreement itself. The agreement provides in pertinent part:

> (2)(k) AGENT agrees to be solely liable and to save COMMONWEALTH harmless for all attorney's fees, court costs, expenses and loss or aggregate of losses resulting from (1) fraud, negligence or misconduct of AGENT, its officers or employees in the performance of its duties as AGENT of COMMONWEALTH;
>
> . . . .

Farquhar makes the untenable assertion that this language should be taken to mean that only the "AGENT," *i.e.*, Investors Title, and not the officers or employees of Investors Title, could be held liable by Commonwealth for any negligent or wrongful acts. Without question, particularly when taken in the context of the entire agency agreement, the above-quoted language is an indemnification provision for the benefit of Commonwealth. The provision is not for the benefit of third-parties to the contract, officers or employees of Investors Title. The agency agreement, therefore, does not shield Farquhar from liability.

Accordingly, Farquhar's motion for summary judgment is denied.