Gilbert QUIGLEY, et al., Plaintiffs,

v.

SPEEDY MUFFLER KING, a.k.a.
Bloor Automotive, Inc.,
Defendant.

Civ. A. No. 89-2646.

United States District Court,
District of Columbia.

July 19, 1990.

---

**4**

Patrick Michael Regan, Washington, D.C., for plaintiffs.

John Marshall Smallwood, Landover, Md., for defendant.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

Plaintiffs, Gilbert and Ruby Quigley, brought this action for compensatory damages against the defendant, Speedy Muffler King a.k.a. Bloor Automotive, Inc. ("Speedy Muffler"). Plaintiffs contend that Mrs. Quigley sustained serious and permanent injuries when the vehicle she was driving was involved in a motor vehicle accident on November 6, 1986. Plaintiffs contend that the accident occurred when the brakes on the vehicle, which were repaired on October 30, 1986, by Speedy Muffler, failed to operate properly. This matter comes before the Court on defendant's motion for summary judgment based on its assertion that the plaintiffs were contributorily negligent as a matter of law.

### I.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Since the defendant, the party moving for summary judgment, has the burden of proving the lack of any genuine issue of fact, the Court must view the available facts in the light most favorable to the plaintiffs. *Minihan v. American Pharmaceutical Association*, 812 F.2d 726, 727 (D.C.Cir.1987).

### II.

Although the parties have presented the facts differently, the material facts in this case are not in dispute. The question before the Court is whether the Court as a matter of law can conclude that the plaintiffs were contributorily negligent. The Court agrees with the plaintiffs that District of Columbia law governs this case. The District of Columbia adopts the governmental interest analysis approach to resolve choice of law questions. *Biscoe v. Arlington County*, 738 F.2d 1352, 1360 (D.C.Cir.1984), *Williams v. Williams*, 390 A.2d 4, 5 (D.C.App.1978). In the instant case, the alleged negligent conduct occurred in District of Columbia. Speedy Muffler's place of business is in the District of Columbia. Further, the District of Columbia is the place where the relationship between the parties centered.

### III.

The underlying facts in this case are as follows.[1] On October 30, 1986, Mr. Quigley had the brakes on the plaintiffs' 1984 Honda Civic repaired at a Speedy Muffler shop. Dep. 34. Two days later, while Mrs. Quigley was driving with her twelve year old daughter in the car, the brakes almost failed and she was almost in an accident. *Id.* 36. She stated, "we were coming up on a stop sign, and, a car in front of me, and, I really thought I was going to hit the man in the rear." *Id.* 36–37. Mrs. Quigley did not take the car back to Speedy Muffler, or to any gas station. *Id.* 38 She continued to drive the car to work, although she thought

---

1. The facts are taken from Mrs. Quigley's April 12, 1990 deposition; cited hereafter as "Dep.".

she heard noises and she recalled that the brakes were "soft" and needed "pumping." *Id.* 40. She stated, "the brakes did not seem to have the pumping action they should have for new breaks." *Id.* 39. Mrs. Quigley mentioned the brake problems to her husband several times, but "he always implied that there was nothing wrong with brakes." *Id.* 40.

On November 6, 1986, Mrs. Quigley drove the car to work. *Id.* 41. She continued to hear noises from the car, which were "louder and more persistent." *Id.* When she arrived at work she mentioned the problem to her supervisor, Joey Gray, who she stated works on cars. *Id.* 41–42. After she described the problem to Mr. Gray, he told her he thought it was her brakes and she should speak to her husband about it. *Id.* 43–44. He offered to look at her brakes; however, Mrs. Quigley stated she would mention the problem to her husband and Mr. Gray never looked at the brakes. *Id.* 44.

After leaving work with a friend in her car, Mrs. Quigley recalls that the brakes were soft and they did not have "the fullness that it should have had." *Id.* 45. As she was driving she almost hit a car. *Id.* 46. She stated, "it seems as if to me, it was a stop sign where I was supposed to stop, and cars were coming across, and, I almost hit a car, I said, Oh, that was a real close one." *Id.* After the near collision, she dropped off her friend. *Id.* She continued to drive the car and drove onto I–95 to proceed home. *Id.* She recalls that there was a "low-keyed" noise that was "louder than it had been that morning." *Id.* 47. She continued to drive, "hoping to get home" to inform her husband of the problems. *Id.* Before Mrs. Quigley was able to get home, she was in an accident. She recalls that a tractor-trailer was close behind her and that she wanted to get to the right side of the road and stop, because she was "frightened with the noise." *Id.* 50. She recalls that she was going 70 to 75

miles per hour. *Id.* 51. She kept hitting her brakes, but the car picked up momentum. *Id.* 52. In addition, the car was going down hill. *Id.* She does not recall how the car came to a stop. *Id.* 53. She only remembers that the tractor-trailer driver asked her if she was "okay." *Id.* 54.

IV.

The District of Columbia Court of Appeals has stated "[o]rdinarily questions of negligence, contributory negligence and proximate cause, especially in automobile collision cases are for determination by the jury." *Singer v. Doyle,* 236 A.2d 436, 437 (D.C.App.1967). Further, the Court of Appeals stated that "[o]nly in exceptional cases, where the facts are undisputed and where but one reasonable inference can be drawn, is the trial court justified in holding that negligence or contributory negligence has been established as a matter of law." *Id.* at 438.

Rarely is a court in a position to conclude that a party was negligent or contributorily negligent as a matter of law. However, if there is a situation where a court can find contributory negligence as a matter of law, this is such a case. Mrs. Quigley was clearly on notice that her car had brake problems. Before the accident, she stated that she was nearly in two accidents. Further, after she described the problem to her supervisor, he responded that it was brake problems. Moreover, she indicated to her friend, just before the accident, that there was something wrong with her car.[2] Although Mrs. Quigley has submitted an affidavit, in which she states "none of the problems that I had experienced were serious enough to lead me to believe that I would be involved in an automobile accident if I kept driving the vehicle", the facts do not support such a conclusion. The facts are undisputed and there is but one reasonable inference that can be drawn,

2. In response to a question regarding the incident just before the accident—"why did you almost hit the car?"; she stated, "[b]ecause my car did not want to stop. [Barbara Locus, Mrs. Quigley's friend], said, well, that is okay. She

was like trying to make me feel good, I guess. She was saying, it was the other man, I said, no, Barbara, I am supposed to stop. My car did not want to stop. I let her out at that point." Dep. 46.

and that is that the plaintiffs were contributorily negligent.[3]

## V.

For the reasons discussed above, the Court concludes that defendant's motion for summary judgment should be granted and this case should be dismissed.

---

**3.** The Court also notes that for the purpose of this motion, the Court assumes that brake failure was the reason for the accident. However, Mrs. Quigley was not able to recall what actually caused the accident and how the car came to a stop.