[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is the first of four appeals from the action of the Watertown Planning Zoning Commission (hereinafter "Commission") in connection with certain amendments to the zoning regulations that were approved on November 12, 1997. The court heard oral argument on all of the cases on the same day and will issue its opinions on each case today. Many of the facts as to the action of the Commission and the record in general is the same in all of the cases and therefore the court will not repeat in each opinion the findings or observation made in this opinion but will make reference to this opinion where appropriate.
 THE COMMISSION'S ACTION
The Commission sought to amend its zoning regulations pertaining to three of its business districts. When a zoning commission acts to amend its regulations, it acts as a legislative body. First Hartford Realty Corp. v. Plan ZoningCommission of the Town of Bloomfield, 165 Conn. 533, 540,338 A.2d 490 (1973). "The test of the action of the commission is two-fold: (1) The zone change must be in accord with a comprehensive plan . . . and (2) it must be reasonably related to the normal police power purposes enumerated in [General Statutes §] 8-2. . . . A comprehensive plan has been defined as a general plan to control and direct the use and development of property in a municipality or a large part thereof by dividing it into districts according to the present and potential use of the properties. . . . The requirement of a comprehensive plan is generally satisfied when the zoning authority acts with the intention of promoting the best interests of the entire community. . . ." (Citations omitted.) Id., 541. In reviewing the action of the commission on appeal, the question for the court is whether the decision is supported by substantial evidence.
On November 12, 1997 the Commission voted to amend its regulations regarding the permitted size of retail businesses in all business zones. In the Central Business District (B-C) the permitted use was reduced from a Gross Floor Area ("GFA") of 20,000 sq. ft. to a maximum GFA of 10,000 sq. ft. with a special permit use from over 20, 000 sq. ft. to a maximum of 20,000 sq. ft. For the Shopping Center Business District (B-SC), a permitted use was reduced from an unlimited GFA to a maximum GFA of 20,000 sq. ft., and in the General Business District (B-G), a permitted use was reduced from a unlimited GFA to maximum GFA of 10,000 sq. ft. and a special permit use to a maximum GFA of 20,000 sq. ft. The Commission held a public hearing on November 12, 1997 and CT Page 6752 voted to adopt the proposed changes. Notice of the decision of the Commission was published in the Waterbury Republican-American on November 14, 1997, to take effect on November 17, 1997.
 SARLOM, LLC
The plaintiff in this appeal, Sarlom, LLC ("Sarlom"), owns property in the B-G Commercial District. Sarlom has taken this timely appeal and seeks to reverse the action of the Commission on the basis that it acted illegally, arbitrarily or in abuse of its discretion. In this case as well as the other appeals the court must first decide the issue of aggrievement in order to acquire subject matter jurisdiction. Jolly, Inc. v. BridgeportZoning Board of Appeal, 237 Conn. 184, 676 A.2d 831 (1996); Wallsv. Planning Zoning Commission, 176 Conn. 475, 408 A.2d 252
(1979). The defendant in this case, as in the other matters, has stipulated that there is aggrievement and therefore the court will find, based on the stipulation of both parties, that the plaintiff is aggrieved.
 ISSUES
The plaintiff in this appeal raises three procedural issues and one substantive issue. It claims procedurally that the Commission failed to establish an effective date of the amendments in violation of General Statutes § 8-3(d); that the content and adequateness of the notice provisions were "fundamentally unfair"; and that the Commission members prejudged the issues. The plaintiff's substantive argument is that the zone change should be reversed because it precludes any further development of the plaintiff's property.
 DISCUSSION
I. Effective Date
The plaintiff argues that the Commission was to establish an effective date of the proposed change at the meeting and since the record does not disclose that the Commission actually set an effective date on its record at the meeting, the action should be voided for failure to meet the requirements of General Statutes §8-3(d). General Statutes § 8-3(d) provides in pertinent part: "Zoning regulations or . . . changes . . . shall become effective at such time as is fixed by the zoning commission, provided a copy of such regulation . . . shall be filed in the office of the CT Page 6753 town . . . and notice of the decision shall have been published in a newspaper having a substantial circulation . . . before such effective date."
The simple answer to the plaintiffs claim is that § 8-3(d) requires that the commission fix an effective date and publish the notice before the effective date. The plaintiff concedes that the published notice, which appeared on November 14, 1997, had an effective date of November 17, 1997. Therefore, the statute was satisfied. There is no requirement that the effective date be set on the record as the plaintiff suggests. Judge Aronson articulated this rule in Rankl v. Zoning Commission of the Townof Marborough, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 289970 (Oct. 18, 1985, Aronson,J.), wherein the court found that the failure to set an effective date even in the published notice did not invalidate the action of the board. The only restriction upon the fixing of the effective date, as Judge Aronson notes, is that it not be set before publication. Id. He then comments that appeals are now taken from the date of publication, not the effective date. Id. In this case, the Commission did set an effective date and the court finds that its actions were in compliance with § 8-3(d).
II. Fundamental Fairness
The plaintiff argues several things under its claim that the commission violated concepts of fundamental fairness in amending the zoning regulations, namely that the notice was published in different newspapers; that the published notice did not contain the specific changes; that the notice was published only seven days before the hearing; and that three members were absent from the meeting on November 12, 1997. These specific claims and the other claims advanced by the plaintiff under its fundamental fairness argument contend that the Commission may have met the letter of the law with regard to the dates and times of publication, but failed to adequately notify interested parties as to the actual "changes" that were contemplated.
Our Supreme Court has recognized a common law right to fundamental fairness in administrative hearings. Grimes v.Conservation Commission of the Town of Litchfield, 243 Conn. 266,273, 703 A.2d 101 (1998). This concept of fundamental fairness "`requires that the parties involved have an opportunity to know the facts on which the commission is asked to act . . . and to offer rebuttal evidence.'" Id., 274, quoting Pizzola v. PlanningCT Page 6754 Zoning Commission, 167 Conn. 202, 207, 355 A.2d 21 (1974); see also Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 536, 525 A.2d 940 (1987).
There is no question that the notice published here; (Record #5); notifying the public that the Commission intended to adopt new regulations affecting the specific business districts, met the statutory requirement of § 8-3. There is no requirement that the specific changes be published and our Supreme Court has so held. Passero v. Zoning Commission, 155 Conn. 511, 515,235 A.2d 660 (1967), cert. denied, 390 U.S. 1004 (1968). The court inPassero stated that the notice did not require that the "subject matter" of the changes be identified. "The statute does not require that the hearing notice contain a summary of the contents of the proposed amendment to the regulations. See cases collected in note 96 A.L.R.2d 449, 502." Id., 515. That court noted the requirement that the changes be filed in the town before the hearing, which was done in this case. More recently, in Nazarkov. Zoning Commission of the Town of East Lyme, 50 Conn. App. 517,717 A.2d 853 (1998), the court discussed the requirements of adequate public notice stating, inter alia, "[t]here is no requirement that the published notice describe the proposed action in detail or with exactitude." (Citation omitted; internal quotation marks omitted.) Id., 519. The burden of demonstrating that the notice was insufficient or defective rests upon the person challenging the action. Id., 520.
In the present case, the public was notified of the Commission's intent to adopt changes in the regulations. The notice was first published in the Waterbury Republican American
on November 1, 1997, and then in the Town Times on November 6, 1997. (Record #5; Record #6.) The public notices provided information regarding the public hearing on the zoning amendments, listed the districts that would be effected by the changes, and directed interested parties to go to the "Town Clerk's Office" to examine the text of the amendments. (Record #5; Record #6.) The court finds that the actions of the Commission did not violate the concepts of fundamental fairness as argued by the plaintiff.
III. Predetermination of the Commission
The plaintiff argues that prior to the hearing the Commission predetermined the issues and therefore the hearing was unfair in some way. "Neutrality and impartiality of members are essential CT Page 6755 to the fair and proper operation of a planning and zoning commission. . . . The evil to be avoided is the creation of a situation tending to weaken public confidence and to undermine the sense of security of individual rights which the property owner must feel assured always exist in the exercise of zoning power." (Citations omitted; internal quotation marks omitted.)Cioffoletti v. Planning Zoning Commission, 209 Conn. 544,553-54, 552 A.2d 796 (1989). "[A] charge of bias must be supported by some evidence proving probability of bias before an official can be faulted. Because public officers, acting in their official capacities, are presumed, until the contrary appears, to have acted legally and properly . . . the burden on such a claim rests upon the person asserting it." (Citations omitted; internal quotation marks omitted.) Huck v. Inland Wetlands WatercoursesAgency, 203 Conn. 525, 536, 525 A.2d 940 (1987).
Obviously the Commission which proposed the changes thought they were in the best interest of the town. To say that was a predisposition in and of itself would then invalidate all proposed changes of all zoning commissions on that ground. Furthermore, the plaintiff has pointed to nothing in the record that would evidence that this Commission failed to consider any evidence in opposition to the change or prevented anyone from presenting contrary views or opinions. The Commission held meetings on March 5, 1997, July 23, 1997, and November 12, 1997, before adopting the proposed amendments. Further, the public was invited to attend the November 12, 1997 meeting to provide input on the changes.
There is no evidence that the minds of the individual members were so intractable that they did not act fairly, nor was there any evidence that the Commission made up its mind to approve the proposed changes prior to the public hearing. Pecora v. ZoningCommission, 145 Conn. 435, 144 A.2d 48 (1958).
IV. Development of Plaintiff's Property
Finally the plaintiff argues that the change in the zoning regulations has left 5.5 acres of undeveloped land useless for any type of commercial development. The plaintiff contends that prior to the change it was limited only by a 40% ground building coverage regulation which presumably would have allowed some further development of its property. Assuming this to be so, the question is whether the thwarting of development to the plaintiff's property, which is the necessary consequence of the CT Page 6756 more restrictive regulations adopted, should cause the court to invalidate the change in the zoning regulations. In this case, it is not that the plaintiff has been unable to use its property, it now may be prevented from expanding its use under the new regulations. Our court has considered a similar argument in Bauerv. Waste Management of Connecticut, 234 Conn. 221, 662 A.2d 1179
(1995). The court in that case stated:
 [W]e have held that zoning reclassifications can constitute an unconstitutional taking when they leave a property owner with no economically viable use of his land other than exploiting its natural state." (Emphasis added.) Gil v. Inland Wetlands Watercourses Agency, supra, 219 Conn. 413. Our cases that have found a taking by practical confiscation have involved situations that required a landowner to leave his property in essentially its natural state. See Bartlett v. Zoning Commission, 161 Conn. 24, 282 A.2d 907 (1971); Dooley v. Town Plan Zoning Commission, 151 Conn. 304, 197 A.2d 770 (1964).[17] Even if Waste Management had been deprived of all future use of its landfill, which it was not,[18] its attempt to characterize its inability to augment its seventy acre, ninety foot high landfill as a practical confiscation only can be described as an attempt to fit a round peg in a square hole. Although our takings jurisprudence recognizes that enactment of a regulation depriving a landowner of all beneficial uses of his land will infringe on reasonable investment-backed expectations and thus constitute a taking, those cases have concerned undeveloped land in its natural state. Those cases are inapposite to this case because, although Waste Management's property was rendered without profitable use after the landfill reached ninety feet in height, it is not the regulation that deprived Waste Management of all beneficial use of its land, but rather it was Waste Management's prior use of its land, namely, the deposit of ninety feet of refuse on that land.
CT Page 6757
Id., 254-55.
In this case, the change of the zoning regulations have not left the plaintiff with no economically viable use of his land. Even if the plaintiff can claim that this 5.5 parcel of land is a separate parcel, for the court to determine whether there has been a confiscation it must examine the diminution in value and the options available to the landowner. Archambault v. Wadlow,25 Conn. App. 375, 383, 594 A.2d 1015 (1991). In any event, the court agrees with the defendant that it is premature to determine whether the Town of Watertown would prevent the further development of the plaintiff's land. The defendant cites Luf v.Southbury, 188 Conn. 336, 449 A.2d 336 (1982), where our Supreme Court said "until it appears that the plaintiff has been finally deprived . . . of the reasonable and proper use of the property, it cannot be said that there has been an unconstitutional taking of the property without just compensation." (Citations omitted.) Id., 351-2. The court can not find that there has been a unconstitutional taking in this case as the plaintiff has claimed.
 CONCLUSION
For the aforementioned reasons, the court will dismiss this appeal.
PELLEGRINO, J.