MICHAEL E. NAZARKO ET AL. *v.* ZONING
COMMISSION OF THE TOWN OF
EAST LYME ET AL.
(AC 17165)
(AC 17188)

Landau, Sullivan and Daly, Js.

Argued June 9—officially released September 29, 1998

*Edward B. O'Connell,* for the appellant (named defendant).

*Theodore A. Harris,* for the appellant (defendant Niantic Sportsmen's Club, Inc.).

*David F. Sherwood,* for the appellees (plaintiffs).

*Opinion*

DALY, J. The plaintiff abutting property owners appealed to the trial court from the decision of the defendant zoning commission of the town of East Lyme (commission) granting the application of the defendant Niantic Sportsmen's Club, Inc. (club), for a special permit to operate a skeet shooting range on the club's property, and a special exception concerning the width and surface of its access road. After a hearing on the merits, the trial court held that the published notice of the public hearing was inadequate and misleading and, thus, sustained the appeal. The defendants bring these appeals upon certification by this court. We affirm the judgment of the trial court.

The notice published by the commission provided in relevant part: "The East Lyme Zoning Commission will hold a public hearing on July 7th, 1994 at 6:30 p.m. at the East Lyme High School on Chesterfield Road to consider the following items: 1. The application of the Niantic Sportsmen's Club, Inc., for a Special Permit to operate a Commercial Club (Skeet and Trap Ranges) on property off Plants Dam Road, East Lyme, Connecticut, further identified as Lot #10, East Lyme Assessor's Map 65."

"The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made

findings of fact, our review is limited to deciding whether such findings were clearly erroneous. . . . This court cannot retry the facts or pass upon the credibility of the witnesses." (Citations omitted; internal quotation marks omitted.) *Westport Taxi Service, Inc.* v. *Westport Transit District*, 235 Conn 1, 14, 664 A.2d 719 (1995).

Zoning commissions are required to provide adequate published notice of a public hearing to be held on an application or request for a special permit or special exception. "Notice of the time and place of such hearing shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in such municipality . . . ." General Statutes § 8-3 (a). "Specifically, this court has held that the purpose behind the notice requirement of § 8-3 is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing." (Internal quotation marks omitted.) *Jarvis Acres, Inc.* v. *Zoning Commission*, 163 Conn. 41, 47, 301 A.2d 244 (1972). "There is no requirement that the published notice describe the proposed action in detail or with exactitude." *Welles* v. *East Windsor*, 185 Conn. 556, 559, 441 A.2d 174 (1981); see *Woodburn* v. *Conservation Commission*, 37 Conn. App. 166, 178, 655 A.2d 764, cert. denied, 233 Conn. 906, 657 A.2d 645 (1995).

"Compliance with prescribed notice requirements is a prerequisite to a valid action by a zoning board of appeals and failure to give proper notice constitutes a jurisdictional defect." *Wright* v. *Zoning Board of Appeals*, 174 Conn. 488, 491, 391 A.2d 146 (1978). "Without proper public notice, zoning authority actions are null and void." *Cocivi* v. *Plan & Zoning Commission*, 20 Conn. App. 705, 707, 570 A.2d 226, cert. denied, 214 Conn. 808, 573 A.2d 319 (1990). "A defect in the content

of the notice cannot be cured by proof that some members of the public received actual notice, or appeared at the hearing." *Peters* v. *Environmental Protection Board*, 25 Conn. App. 164, 168, 593 A.2d 975 (1991). The burden of proving that the notice was defective rests on the persons asserting its insufficiency. Id., 170.

The trial court found that the club owns two parcels of land in East Lyme. The original parcel, shown as lot nine on the assessor's map, consists of approximately ninety-one acres and was acquired by the club in 1957. The second parcel, shown as lot ten on the assessor's map, consists of approximately seventy-one acres and was purchased in 1991. The club had operated skeet shooting fields on the ninety-one acre parcel for over thirty-five years and, when it attempted to relocate the skeet range to the seventy-one acre parcel, the question arose whether a special permit was necessary. The club then filed the subject application. The application also requested an exception regarding the width and surface of an access driveway from Plants Dam Road.

The trial court, relying on *Peters* v. *Environmental Protection Board*, supra, 25 Conn. App. 164, determined that the published notice was inadequate and misleading. The published notice failed to describe the subject property by metes and bounds, by specific address or by reference to the nearest street. We conclude that the notice was insufficient in that it describes the subject property as lot ten on the assessor's map without referring to lot nine, even though the application seeks a special exception to improve an access driveway that traverses both parcels.

The judgment is affirmed.

In this opinion the other judges concurred.