[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Facts
CT Page 6621
On June 12, 1996 the Berlin Batting Cages, Inc. (Applicant) submitted an application to the Berlin Planning Zoning Commission (Commission) seeking site plan approval to construct a "go-cart track" on the rear portion of the premises known as 1823 Wilbur Cross Highway, Berlin, Connecticut. A portion of the premises is located in a general commercial zone ("GC-1") and a portion of the premises is located in a residential-15 ("R-15") zone. The property is bounded on the North and East by property located in an R-15 zone. The R-15 zone is used for single family residential purposes.
Go-cart facilities were permitted at this location subject to site plan approval by the Commission. Following deliberation on June 11, 1996, the Commission denied the site plan approval relying for its denial on non-conformance with Zoning Regulations Sections VI.F, IX.B.14.c.4, IX.B.14c.4.a, IX.B.14.c.5, X.D.3 and XIII.9.(b, k).
The Applicant appealed the Commission's decision to the Court on July 29, 1996. The Applicant filed a Request to Amend dated November 13, 1998 seeking permission from the Court to amend its appeals to recite grounds for approval discovered after the commencement of the appeal. Although the defendant Commission objected to the amendment, this Court granted the request to amend by Memorandum of Decision dated December 22, 1998.
In essence, the Request to Amend allowed the Applicant to question the validity of the adoption of the regulations relied upon to deny the application. The first four cited sections deal generally with landscaping or bulk requirements. The fifth cited section deals with noise regulation. The last cited section deals with review of the application. The argument concerning the validity of adoption is different for the first four regulations from the last two regulations.
 Aggrievement
At the hearing on this matter, the Applicant produced testimony and copies of deeds to establish that Berlin Batting Cages, Inc. had a sufficient interest in the property on the date of the application for site plan review and that that interest continued uninterrupted until the day of the hearing so as to constitute statutory aggrievement. The Court finds that the Applicant is aggrieved. CT Page 6622
 Discussion
Bulk and Landscaping Regulations
As to the Bulk and Landscaping Regulations, the Applicant claims that there is a complete failure of notice of public hearing for the purpose of amending these regulations [record items 80 through 100]. The legal notice [record item 81] reveals that there is no mention of Sections VI.F, IX.B.14.c.4, IX.B.14c.4.a, IX.B.14.c.5 in the legal notice. The record of the public hearing [return item 101, 102] does not refer to these regulations. The minutes [record item 97] of the Commission for April 26, 1995, the meeting at which the Commission claims the regulations were adopted, makes no mention of these regulations. Likewise, the minutes for the next meeting of the Commission on May 24, 1995 [record item 99], shows that the previous minutes were unanimously approved with no mention of the adoption of these regulations. There is a legal notice published on May 2, 1995, which reads as follows:
 "At its regular meeting of Wednesday, April 26, 1995, the Berlin Zoning Commission took the following actions. . . . b. approved with amendments the petition of the economic development director Charles Karno to amend . . . and amendment to Sections VI.F, VII.F, IX.B.14(c)(6)(c) and IX.B.14(c)(7)(8)"
In summary, there is no record of a public hearing in relation to the proposed amendment. There is no evidence that a public hearing was noticed to consider the amendment. There is no record of a hearing or meeting at which five members from the Commission voted to approve the disputed regulations.
The requirement of a public hearing on an amendment to zoning regulations has long been held to be mandatory. Winslow vs.Zoning Board of Stamford, 143 Conn. 381. (1956)
Several of the deficiencies in the adoption procedure which the Court has found would be sufficient to invalidate the regulations. Indeed the Commission concedes
 "A review of the record of the approval of Mr. Karno's Petition to Amend the Zoning Regulations. See return of record #77 and 80-102; reveals certain notices of the meetings and actions of the Commission were less than CT Page 6623 perfect."
The Commissions concession strikes one as a masterpiece of understatement.
The Commissions real argument is that the defects in the adoption was cured by "an act validating acts and deeds, valid except for certain irregularities and omissions". Special Act No. 97-6, commonly referred to as the "1997 Validating Act". That act provides:
 "Section 6c: any and all actions taken by any planning commission, zoning commission, planning zoning commission, zoning board of appeals . . . otherwise valid except that said . . . zoning commission . . . failed to comply with the requirement or requirements of any general or special law, ordinance or regulation governing the contents, giving, mailing, publishing, filing or recording of any notice, either of the hearing or of the action taken is validated, provided no such action shall be validated if an appeal from such action is pending in any court or the time for taking such appeal has not expired as of the effective date of this Act."
The Applicant makes an argument that the Validating Act should be analyzed in reference to the date of the Commission's denial of site plan approval. The Town argues that the Validating Act should be examined with reference to the claimed adoption date of April 26, 1995. The Court agrees with the Town and finds that if the Validating Act otherwise applies, it is not defeated by any appeal of the action nor by any unfulfilled period of appeal rights.
The Appellate Court has held in Young vs. Chase,18 Conn. App. 85 (1989) that the function of the Validating Act is to cure defects in notice not attacked by a timely court proceeding. The Superior Court, Sferrazza, J., considered the Validating Act inTaft vs. Wheelbrator (Windham J.D. (January 20, 1998).) There the court held that notice was cured by a Validating Act passed after the defect. Taft was a declaratory judgment action in which neither the minutes, the hearing, nor the publication referred to the proper property. All of the town records referred to map 20, lot 7 of its assessor's records. This property was not part of the property affected by the Commissions actions. Finally, the Superior Court, Pickett, J., in Adam vs. Warren (December 19, CT Page 6624 1997) found that the commission in question probably did not publish notice of a particular ruling. The court found that the Validating Act can cure the failure by a planning commission to follow proper procedures and that it may even cure jurisdictional defects.
The Court can find no reported case where the failure to follow zoning regulation adoption procedures could not be validated by the Validating Act if the adoption itself was conceded. The Court is convinced that the Validating Act is sufficiently broad to cover all of the technical violations here present.
However, the Court is also convinced that the Validating Act only deals with "contents, giving, mailing, publishing, filing or recording of any notice,". The Validating Act cannot validate an action which in fact never took place. As to the Bulk and Landscape Regulations, the court has found no notice of the public hearing, no minutes showing adoption and no objection to the minutes failing to show adoption when the minutes were approved at the later meeting. Admittedly, there are references to these provisions in a later publication. There is nothing in the record to show that the members of the Commission necessarily were even aware of the language contained in the legal notice following the alleged adoption. Given the complete lack of evidence of adoption, the Court concludes that the regulations were not adopted and, accordingly, may not be validated by the Validating Act.
Noise Regulations
In regard to the noise regulations, the plaintiff argues that there was no filing of any record or document concerning the proposed regulations with the Town Clerk at least 10 days before May 25, 1994, the date of the public hearing. There is dispute whether the proposed amendments were on file. The court concludes that the regulations were not on file. The Applicant citesScoville vs. Planning Commission, 155 Conn. 12, 18, for the proposition that the absence of a record of the filing of the proposed regulations supports an inference that no such pre-hearing regulation had been filed. The Applicant then relies on Koepke vs. Zoning Board of Appeals of Coventry,25 Conn. App. 611 (1991); Bombero vs. Planning Zoning Commission,17 Conn. App. 150 (1988) and Nazarko vs. Zoning Commission of the Town ofEast Lyme, et al., 50 Conn. App. 517 (1998) for the proposition CT Page 6625 that without the prehearing filing, the public hearing held by the Commission is legally void. While the Applicant and the defendant are not in agreement on the validity of the adoption, there can be little question that these regulations in fact were adopted by the Zoning Commission.
Accordingly, consistent with the Court's opinion on the first set of regulations, the Court finds that any technical defects in the adoption of the noise regulations were cured by the 1997 Validating Act.
The Legislature has provided for control of noise pollution in Chapter 442 of the General Statutes [Section 22A-67 through 22A-76]. Section 22A-73 specifically authorizes Municipalities to adopt noise regulation programs modeled on the Department of Environmental Protection regulations. Section 22A-73(c) provides "no ordinance shall be effective until such ordinance has been approved by the Commission." The Section suggests two requirements. The first is that any comprehensive noise control by a municipality is done by way of ordinance, and, secondly, that the ordinance must first receive the approval of Environmental Protection. This Court takes judicial notice of the fact that ordinances are passed by the legislative body and not by the Zoning Commission. Accordingly, the question arises whether the comprehensive noise regulation can be adopted under the authority of Section 8-2 and 8-3 of the General Statutes, rather than under the procedures set forth in Section 22A-73 of the General Statutes. Although the commission attempted to adopt the DEP regulation, this record contains no claim that these regulations were submitted to the Commissioner of Environmental Protection, nor any claim that they were adopted by ordinance.
The defendant relies upon Husti vs. Zuckerman PropertyEnterprises Limited, 199 Conn. 575 (1986) to support its claim that noise may be regulated by zoning regulations.
Husti was essentially a first amendment case. The defendants were holding outdoor concerts at a night club. The zoning enforcement officer ordered them to cease the outdoor concerts. The Supreme Court determined that the enforcement officer's order to cease the outdoor concerts did not violate First Amendment Freedom of Speech rights of the owners of the night club.
The specific order in Husti read as follows:
CT Page 6626 "You are hereby ordered to cease the use of the property for concerts and theatrical performances and to take such action as may be necessary to cancel any scheduled performances or activities which would be in violation of the zoning regulations." Husti at 578.
In the course of considering whether the regulations involved in Husti were unnecessarily restrictive, the Supreme Court held:
 "Arguably the City could have chosen to address these dangers specifically by limiting the decibel levels of concerts, limiting audience size, requiring the defendants to police their concerts, and imposing traffic restrictions. In light of the significant possibility that such measures would have been impractical, ineffective, and even counterproductive [citations omitted] we cannot say that the exclusion of concerts from a residential district was not sufficiently narrowly tailored to accommodate the City's substantial interest. Husti at 584.
This Court does not question that noise abatement may play an appropriate role in zoning regulations as an incidental matter. In Cole v. Planning and Zoning Commission, 40 Conn. App. 501, 507
(1996), the Appellate Court distinguished between how much noise may be emitted for a particular property (regulated by § 22a-68
et seq.) and the appropriate use of land, taking noise levels in consideration. (regulated pursuant to § 8-2)
This court acknowledges that § 22c-76 is headed "Provisions and remedies not exclusive." Nevertheless the Court holds that 222-68 et seq. is the procedure required for a municipality to adopt DEP regulations promulgated under the authority of Chapter 442.
In Shelton vs. Commission, 193 Conn. 506 (1984), the Supreme Court held:
 "Whether an ordinance conflicts with a statute or statutes can only be determined by reviewing the policy and purposes behind the statute and measuring the degree to which the ordinance frustrates the achievement of the state's objectives." Id. at 517.
In the instant case, Chapter 442 is a comprehensive scheme for both state and local regulation of noise pollution. At a CT Page 6627 minimum, the state statute conflicts with local implementation because it was not done by ordinance and it was not reviewed by the Commissioner of Environmental Protection. As is shown by the instant case, enforcement options would be very different if adopted by ordinance.
The Court finds that the legislature intended Chapter 442 to preempt the field of comprehensive noise pollution to the Commissioner of Environmental Protection and local ordinances adopted in accordance with Chapter 442. Accordingly, the Court finds that the noise pollution restrictions contained in Section X.D.3 are ineffective as applied to this site plan review.
Other Regulations
Because Section XII.9.(b, k) is found to have been adopted by the Commission, although with technical defects in the process, because it does not implicate the preemption of Chapter 442, and because the Court finds that it is validated by the Validating Act of 1997, Article XII.9.(b, k) may be applied to this application. However, these sections, which apply to the arrangement of buildings, to landscaping, to buffer and to noise may not be applied to impose any requirements which have been stricken by this Court at this time.
 Conclusion
The Court finds that Section VI.F, IX.B.14.c.4, IX.B.14c.4.a, IX.B.14.c.5 are not effective as applied to this application because there is insufficient evidence that they were ever in fact adopted. The Court finds that Section X.D.3 is not effective as applied to this application because the field of noise pollution control has been preempted by the procedures set forth in Chapter 442 of the General Statutes. The Court finds that the provisions of XIII.9.(b, k) are applicable to this application but only so far as they provide review of compliance with properly adopted regulations.
It appears to the Court that the Commission evaluated the application for site plan review under regulations not effective at the time of their decision. The matter is remanded to the Commission to reexamine the proposed site plan review relying on the landscaping and screening regulations in effect immediately prior to April 26, 1995, to review the site plan without regard to any comprehensive noise regulations as set forth in X.D.3, and CT Page 6628 to review the site plan under XII.9.(b, k) only in so far as the Commission has other regulations dealing with the arrangement of buildings or the adequacy of landscaping and buffers.
The Court is aware that the Applicant has questioned its ability to receive a fair hearing from the Berlin Planning 
Zoning Commission. The Applicant has urged the Court to order the issuance of site plan approval. This the Court cannot do. The local agency has never reviewed the plan under appropriate regulations and the Court is not free to substitute its judgement for the judgement of the local agency.
No issues of prejudice or conflict of interest were presented to the Court in this appeal. However, the Court notes that this appeal was taken on July 29, 1996. The matter was first filed in New Britain and then transferred to Hartford. The record of hearings and arguments is voluminous and this Court has issued at least three memoranda concerning aspects of the matter. The Court would urge both the Applicant and the Commission upon remand to make best efforts to comply with both the letter and the spirit of this Court's ruling.
By,
Kevin E. Booth, J.