[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is an appeal from a decision of the defendant, the CT Page 8922 Planning Zoning Commission of the Town of Guilford ("the Commission") granting, with modification, an application by the defendant, RCK Builders, Inc. ("RCK") for an open space subdivision, "Landon's Knoll". The plaintiffs are owners of property abutting or located within five hundred feet of the property which is the subject of the application.
At the Commission's regular meeting on October 1, 1997, RCK sought permission to apply for an open space subdivision pursuant to the subdivision regulations of the Town of Guilford. At its meeting of October 15, 1997, the Commission approved the concept of an open space subdivision, thereby authorizing RCK to apply for said approval.
By application dated November 29, 1997, RCK filed its application for the first section of an open space subdivision. The Commission met on December 3, 1997 and voted to receive said application. The Commission also voted to hold a public hearing on the application, to be scheduled for January 7, 1998.
Such public hearing was never noticed or held. Rather, the Commission scheduled a special meeting for January 29, 1998, at which "input" from members of the public was invited and received.
The Commission reviewed the application at meetings on February 4th, 10th and 18th and April 9th, of 1998 and conducted site visits on October 11, 1997 and February 10, 1998. At the meeting of April 9, 1998 the Commission discussed and approved the application with modification, reducing the number of lots from thirty five to thirty. This appeal followed. (RCK filed its appeal of the Commission decision, challenging the reduction, CV 98-00412836-S).
A hearing was held on March 16, 1999, at which the court found the plaintiffs aggrieved for the purpose of standing to take this appeal.
 II
The sole issue raised on appeal is one of jurisdiction. The plaintiffs acknowledge that the Commission was not required by statute or regulation to hold a public hearing on the subject application. CT Page 8923
However, the plaintiffs claim, once the Commission voted to hold a public hearing, it was required to meet the notice requirements of General Statutes, Section 8-26, and Section 272-15.C. of the Zoning Regulations of the Town of Guilford, which it failed to do. The plaintiffs claim that the session of January 29, 1998, was in fact a public hearing, not properly noticed, which defect rendered the Commission's subsequent decision, approving the application with modification, void as a matter of law.
The defendant Commission argues that it was not obligated by statute or ordinance to hold a public hearing on the subject application, and that, notwithstanding its vote to hold a public hearing, it did not do so. Rather, subsequent to the vote to hold a public hearing to be held on January 7, 1998, it decided to schedule a special meeting to be held on January 29, 1998, at which input from the public would be solicited: the January 29th session, then, was a special meeting, to which the cited notice requirements did not apply.
The defendant RCK concurs with the Commission's argument but points out that its proposal comprised two separate applications, "Section One", filed on or about December 2, 1997, and "Section Two", filed on or about February 12, 1998.
RCK contends that the allegedly flawed process related only to the Section One application; if the court agrees that the Commission's decision is void, that is only as to Section One. The Section Two application did not require a public hearing, no one voted for, or suggested, such a public hearing. While the Commission sought and received from RCK an extension of time in which it was required to act on the [Section One] application, it is RCK's position that if the Commission's actions were void, then the Section Two application, which embodied the Section One application, should be deemed approved by default and without modification, as it was not rendered within the prescribed time period.
 III
"Compliance with prescribed notice requirements is a prerequisite to a valid action by a zoning board of appeals and failure to give proper notice constitutes a jurisdictional defect", Nazarko v. Zoning Commission, 50 Conn. App. 517, 519
(citation omitted). Without proper public notice, zoning CT Page 8924 authority actions are null and void", Id. (citation omitted).
Connecticut recognizes a common-law right to fundamental fairness in administrative hearings, Grimes v. ConservationCommission, 243 Conn. 266, 273. "The only requirement [in administrative proceedings] is that the conduct of the hearing shall not violate the principles of natural justice", Id. (citation omitted).
At its regular meeting on October 1, 1997 the Commission engaged in preliminary discussion of the proposed open space subdivision with a representative of the applicant. The Commission decided to table the application pending a site walk (ROR 48, Minutes, October 1, 1997, pp. 12-13).
A site walk transpired on October 11th.
At its regular meeting of October 15, 1997, the Commission voted to approve the concept of the said open space subdivision (ROR 50, Minutes, October 15, 1997, pp. 7-8).
On or about October 21, 1997, the Commission received a petition from a number of residents, asking for a public hearing on the proposed development. (ROR 2)
On or about December 2, 1997, the Commission received an application, dated November 29, 1997, for subdivision approval for "Landon's Knoll, Section 1" The application indicates that the total subdivision area is some 130 acres, with 36 Lots. Section One, as proposed, would comprise 60 acres, and 15 lots. (ROR 6).
At its regular meeting on December 3, 1997, the Commission voted to receive the said Section One application and to hold a public hearing on it on Wednesday, January 7, 1998. (ROR 51, Minutes, December 3, 1997, p. 6).
Apparently, no public hearing was scheduled, noticed or held on January 7, 1998. Instead, a written "Special Meeting Notice", dated January 5, 1998 was issued by the Commission's Secretary, Robert A. Guadagno, indicating that the Commission would hold a special meeting on the Section One application on January 29, 1998. (ROR 12). Copies of this notice were directed to the town's board of selectmen, commission members, and the Town Clerk. CT Page 8925
There is no claim that said notice was insufficient for a special meeting, and the court finds that said notice met the notice requirements for special meetings, as mandated by General Statutes, Section 1-225. Likewise, it is undisputed that no notice by publication was given, noticing the January 29th session.
General Statutes, Section 8-26, governing approval of subdivision and resubdivision plans, provides, in pertinent part:
The commission may hold a public hearing regarding any subdivision proposal, if, in its judgment, the specific circumstances require such action. No plan of resubdivision shall be acted upon by the commission without a public hearing. Notice of the public hearing shall be given by publication in a newspaper of general circulation in the municipality at least twice at intervals of no less than two-days . . ."
The court agrees that the statute affords the Commission the discretion whether or not to hold a public hearing on an application for subdivision. The court also agrees that the notice requirements for a public hearing are mandatory, and that, absent proper notice, there can be no valid public hearing and any commission decision based on such invalid hearing is null and void.
As indicated, the minutes of the December 3rd meeting indicate that the Commission, inter alia, voted to hold a public hearing on the subject application, to be held on January 7, 1998. Prior to January 7th, it was decided by someone not to hold a public hearing on January 7th. The record is silent as to who made this decision, how it was made and the reason it was made. On January 5, 1998, the Commission by its secretary announced that a special meeting would be held on January 29, 1998 to address the subject application. The notice stated: "This meeting will be open to the public".
This special meeting was held on January 29, 1998. At the outset the Commission Chairman termed the session a meeting (ROR 80, Transcript, January 29, 1998 special meeting, p. 2). the Chairman went on to say: "Subdivision approval does not require a Public Hearing. The reason that ah we've opened it to the public tonight because there's been a, ah, lot of interest expressed in this particular subdivision" (Id., p. 3). . ". . . normally what we do in a Public Hearing is we ask who are for it and those who are CT Page 8926 opposed to it and I won't do that. What I'm just gonna ask for is ah any questions that you might have, any commentary you might have." (Id., p. 4) "Ah we're gonna be particularly interested of course, ah with the commentary from those people who live, you know, near this proposed subdivision.". (Id.). Toward the end of the meeting, in response to a comment of Charles Magby, the Chairman states: "This is not a public hearing. What this is, is an opportunity to listen to people, people's concerns about this subdivision". Then Mr. Shrewsbury raises the issue of the December 3, 1997 vote: "you asked for a public hearing . . . But what we got was a special meeting". (Id. pp. 100-102) The Chairman: "Yep, it's not ah, it's not a standard public hearing, it's not required. We're, we're just trying to be intelligent and nice ah, to those people." (Id., at 102).
From the record, the court concludes that the commission chairman certainly intended that the session of January 29th be a special meeting of the commission, with public comment invited. The court infers that the commission members present acquiesced, since no commissioner raised an objection. The court concludes, further, that the commission members, in taking part in the January 29th session, ratified and adopted as their own, the decision to substitute a January 29th special meeting for the January 7th public hearing previously voted upon.
Was the Commission, having voted to hold a public hearing to be held on January 7, 1998, barred from reversing or discarding that decision? The court answers, "No". A public hearing was not required by statute or regulation. If the board had the discretion to schedule such a hearing, it also had the discretion to change its decision to hold such a hearing.
If the Commission was not barred from abandoning its decision to hold a public hearing, was a formal vote or action by the Commission required to authorize such abandonment? Again, the court answers in the negative. The court will not impose such a procedural straitjacket on the Commission, a group of laypeople, dealing with many complex and controversial issues under time constraints. See Gagnon v. Inland Wetlands and Water CoursesCommission, 213 Conn. 604, 611. (". . . a local use body is composed of laymen whose procedural expertise may not always comply with the multitudinous statutory mandates under which they operate.") Whether the Commission used the phrase "public hearing" as a term of art in its December 3, 1997 minutes or whether the phrase was employed as convenient shorthand for "special meeting CT Page 8927 at which public comment will be invited", certain facts are constant: the Commission was not required to hold a public hearing on the subject application; no notice was given for a January 7, 1998 public hearing, nor was such hearing held; the session of January, 29th was duly noticed as a special meeting and the Commission in its discretion utilized the meeting to receive public comment.
The court finds:
The Commission was not required by statute or regulation to hold a public hearing on the subject application;
The Commission, having voted to hold a public hearing on the subject application to be held on January 7, 1998, was free to abandon its decision to do so;
The Commission was not required to take formal steps to abandon its decision to hold a public hearing. The decision not to go forward with a public hearing was an internal administrative act, requiring neither formal vote or notice in the absence of objection from commission members.
The session held on January 29, 1998 was a special meeting, duly noticed.
Because the court finds that the January 29th session was a valid special meeting and not an improperly noticed public hearing, it is unnecessary for the court to address RCK's claim that the "Section Two" application should be deemed approved by default.
 IV
The plaintiffs have failed to demonstrate any injury stemming from the defendant Commission's failure to notice and conduct a public hearing on the subject application.
The court finds that the plaintiffs have failed to establish, by a fair preponderance of the evidence, that the defendant, the Planning Zoning Commission of the Town of Guilford, acted illegally, arbitrarily or in abuse of its discretion in granting with modification the application of the defendant RCK Builders, Inc. for open space subdivision approval. CT Page 8928
Accordingly, the plaintiffs' appeal is dismissed and judgment may enter in favor of the defendants, the Planning Zoning Commission of the Town of Guilford and RCK Builders, Inc.
By the court,
Downey, J.