GREGORY BELANGER ET AL. *v.* PLANNING AND
ZONING COMMISSION OF THE
TOWN OF GUILFORD ET AL.
(AC 20071)

Lavery, C. J., and Dranginis and Dupont, Js.

Argued January 17—officially released July 10, 2001

*Matthew D. Newman*, for the appellant (plaintiff Alan Zimmerman).

*Charles R. Andres*, for the appellee (named defendant).

*Robert M. Ward*, for the appellee (defendant R.C.K. Builders, Inc.).

*Opinion*

LAVERY, C. J. This is an appeal by the plaintiff Alan Zimmerman[1] from the judgment of the trial court affirming the decision of the defendant planning and zoning commission of the town of Guilford (commission), granting sections one and two of the open space subdivision application of the defendant R.C.K. Builders, Inc. (R.C.K.). The principal issue is whether the commission, under the facts of this case, should have held a formal public hearing on the subdivision application, notice of which should have been published in a newspaper of general circulation. The court found that the commission was not required to conduct such a public hearing and that the meeting that the commission held on January 29, 1998, was a valid special meeting. We agree and, accordingly, affirm the judgment of the trial court.

The pertinent facts are as follows. On October 1, 1997, R.C.K. sought permission from the commission to apply for an open space subdivision. On October 15, 1997, the commission approved the concept of an open space subdivision and authorized R.C.K. to make an application for subdivision approval. On October 21, 1997, the commission received a petition from landowners requesting a public hearing on the proposed devel-

---

[1] The plaintiffs in the action before the trial court were Gregory Belanger, Lynda Kaminskas, Ivan Lansberg, Jane Tracy and Alan Zimmerman. Only Zimmerman has appealed from the judgment of that court. We refer in this opinion to Zimmerman as the plaintiff.

opment. By application dated November 29, 1997, R.C.K. filed an application for the first section of the open space subdivision. On December 3, 1997, the commission voted to receive that application and, on the recommendation of the town planner, to hold a public hearing on January 7, 1998, on the subdivision application. No public hearing was advertised for or held on January 7, 1998.

On January 5, 1998, the secretary of the commission posted a notice that the commission would hold a special meeting that would be open to the public on January 29, 1998, to discuss the first section of the R.C.K. open space subdivision. On January 7, 1998, the commission held a meeting, but R.C.K.'s application was neither on the agenda nor discussed. On January 29, 1998, the special meeting was held on R.C.K.'s application. The chairman of the commission told those in attendance at the meeting that a subdivision approval does not require a public hearing, but that the commission would hear comments from the public. Twenty-one members of the public spoke about the proposed subdivision at the meeting. On February 4, 1998, the commission approved a forty-five day extension to decide the application. At the commission's February 18, 1998 meeting, the commission voted to receive section two of R.C.K.'s open space subdivision application. The commission discussed R.C.K.'s application at its meetings of February 4, 1998, February 10, 1998, February 18, 1998, and April 9, 1998. It conducted site visits on October 11, 1997, and February 10, 1998. At its April 9, 1998 meeting, the commission approved sections one and two of the subdivision with a modification reducing the number of lots from thirty-five to thirty.[2] The plaintiff appealed to the trial court from the commission's decision.

---

[2] The commission's final approval was on section one and section two, while only section one was the subject of the December 3, 1997 and January 29, 1998 meetings.

The plaintiff claimed in the trial court that once the commission voted to hold a public hearing, it was required to meet the notice requirements of General Statutes § 8-26[3] and § 272-15 C of the subdivision regulations of the town of Guilford,[4] which it failed to do. The plaintiff argued that the January 29, 1998 session was, in fact, a public hearing that was not properly noticed, which made the commission's subsequent approval void as a matter of law. The plaintiff also claimed that the vote taken at the December 3, 1997 meeting to hold a public hearing on the subdivision application was never rescinded officially by the commission.

The court found that the commission was not required by statute or regulation to hold a public hearing. The court further found that the commission was free to abandon its vote to hold a public hearing and that the decision not to hold the public hearing was an internal administrative act to which the members of the commission had not objected. The court finally found that the January 29, 1998 meeting was a valid special meeting and not an improperly noticed public hearing. The court dismissed the plaintiff's appeal and this appeal ensued.

[3] General Statutes § 8-26 provides in relevant part: "The commission may hold a public hearing regarding any subdivision proposal if, in its judgment, the specific circumstances require such action. No plan of resubdivision shall be acted upon by the commission without a public hearing. Notice of the public hearing shall be given by publication in a newspaper of general circulation in the municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days prior to the date of such hearing, and by sending a copy thereof by registered or certified mail to the applicant. . . ."

[4] Guilford Subdivision Regs., § 272-15 C provides: "Hearing. A public hearing regarding an application for approval of a subdivision may be held by the Commission if, in its judgment, the circumstances require such action or if required by law. Notice of any public hearing shall be given as required by law. Whether or not a public hearing is held, every applicant shall be afforded the opportunity to appear before the Commission to discuss the application before final action by the Commission."

I

The plaintiff first argues that the court improperly determined that the special meeting of the commission held on January 29, 1998, was not actually an improperly noticed public hearing in light of the commission's December 3, 1997, decision to hold a public hearing. We disagree.

"The commission, pursuant to General Statutes § 8-26, is not required to hold a public hearing in every case regarding a subdivision proposal presented to it. The statutory requirement provides that the commission may hold such a hearing if, in its judgment, the specific circumstances require such action. . . . A municipal planning commission, in exercising its function of approving or disapproving any particular subdivision plan, is acting in an administrative capacity and does not function as a legislative, judicial or quasi-judicial agency, which would require it to observe the safeguards, ordinarily guaranteed to the applicants and the public, of a fair opportunity to cross-examine witnesses, to inspect documents presented, and to offer evidence in explanation or rebuttal and of the right to be fully apprised of the facts upon which action is to be taken . . . . The planning commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. . . . If it does not conform as required, the plan may be disapproved." (Citations omitted.) *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 674–75, 236 A.2d 917 (1967).

The proper characterization of the January 29, 1998 meeting as a formal public hearing or a special meeting is a question of fact for the trial court. *Shapero* v. *Zoning Board,* 192 Conn. 367, 375, 472 A.2d 345 (1984). To the extent that the court has made findings of fact, our

review is limited to deciding whether such findings are clearly erroneous. See Practice Book § 60-5; *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). The court's finding that the January 29, 1998 meeting was a special meeting and not a public hearing is supported by the record. The meeting notice for the January 29, 1998 meeting describes the meeting as a special meeting and not a public hearing. Similarly, the minutes of the January 29, 1998 meeting describe the meeting as a special meeting and not a public hearing. The chairman, when calling the meeting to order, stated that the subdivision application did not require a public hearing, but that the commission had scheduled a special meeting to receive public input because of the public interest in the proposal. At various times during the meeting, the chairman repeated that it was not a public hearing but an opportunity to listen to public concerns about the subdivision. In addition, the town planner, George J. Kral, Jr., described the meeting as a public input session rather than a formal public hearing.[5] Additionally, the chairman informed those present that in a public hearing, the commission asks for those who are for the application and for those who are against it, and that he was not going to do that. He also stated that there were certain issues on which he did not want to hear comment. That would not happen at a public hearing.

---

[5] In a memorandum dated January 29, 1998, to the commission, Kral stated, in relevant part:

"Here are some thoughts regarding process and the principal issues before the Commission:

"1. A special meeting is being held in order to solicit public comment on these plans. This was requested by a petition from the neighbors. It is the intention of the Chairman to conduct this meeting according to the normal form of a public hearing.

"2. It is proper to consider at this hearing discussion regarding the open space concept approval, the density or number of lots to be allowed as an open space subdivision, the details of the subdivision applications, or any other issue related to the proposed development and subdivision of this land."

In addition, on February 4, 1998, the commission approved a forty-five day extension to decide the application. The extension was required only because there was not a public hearing on the application. General Statutes § 8-26d (b)[6] provides that if there is no public hearing, the commission shall render its decision within sixty-five days after the receipt of the application. If a public hearing is held, § 8-26d (a)[7] gives the commission sixty-five days after the public hearing to act. The application in the present case was received on December 3, 1997.[8] Thus, if the January 29, 1998 hearing had been a public hearing, there would have been no need for an extension.

On the basis of our review of the record, we cannot say that the court's conclusion that the January 29, 1998 meeting was a special meeting rather than a public hearing was clearly erroneous.[9]

---

[6] General Statutes § 8-26d (b) provides: "A decision on an application for subdivision approval, on which no hearing is held, shall be rendered within sixty-five days after receipt of such application. The applicant may consent to one or more extensions of such period, provided the total period of any such extension or extensions shall not exceed sixty-five days."

[7] General Statutes § 8-26d (a) provides: "In all matters wherein a formal application, request or appeal is submitted to a planning commission under this chapter and a hearing is held on such application, request or appeal, such hearing shall commence within sixty-five days after receipt of such application, request or appeal and shall be completed within thirty days after such hearing commences. All decisions on such matters shall be rendered within sixty-five days after completion of such hearing. The applicant may consent to one or more extensions of any period specified in this subsection, provided the total extension of any such period shall not be for longer than the original period as specified in this subsection, or may withdraw such application, request or appeal."

[8] General Statutes § 8-26d (c) provides in relevant part: "For purposes of subsection (a) or (b) of this section, the receipt of an application, request or appeal shall be the day of the next regularly scheduled meeting of such commission or board, immediately following the day of submission to such board or commission or its agent of such application, request or appeal or thirty-five days after such submission, whichever is sooner. . . ."

[9] In so holding, we note that the cases cited by the plaintiff, *Cocivi* v. *Plan & Zoning Commission*, 20 Conn. App. 705, 707, 570 A.2d 226, cert. denied, 214 Conn. 808, 573 A.2d 319 (1990), and *Nazarko* v. *Zoning Commis-*

## II

The plaintiff next claims that the court improperly determined that the commission was not required to formally rescind its decision to hold a public hearing in as public a manner as its decision to hold said hearing. The claim is that because the minutes of the December 3, 1997 meeting show a vote to hold a public hearing, the commission was obligated to hold a statutory public hearing rather than a special meeting with public input because there was no official rescission of the December 3, 1997 vote. We agree with the court's analysis of that claim: "Whether the commission used the phrase 'public hearing' as a term of art in its December 3, 1997 minutes or whether the phrase was employed as convenient shorthand for 'special meeting at which public comment will be invited,' certain facts are constant: The commission was not required to hold a public hearing on the subject application; no notice was given for a January 7, 1998 public hearing, nor was such a hearing held; the session of January 29th was duly noticed as a special meeting and the commission in its discretion utilized the meeting to receive public comment."

The court further went on to find that the commission, having voted to hold a public hearing on January 7, 1998, was free to abandon its decision and that the commission decision not to go forward with a public hearing was an internal administrative act requiring neither formal vote nor notice in the absence of objection from members.

We presume regularity in the proceedings of a municipal public body. See *Foran* v. *Zoning Board of Appeals*, 158 Conn. 331, 336, 260 A.2d 609 (1969). There is nothing

_____

*sion*, 50 Conn. App. 517, 717 A.2d 853, cert. denied, 247 Conn. 940, 941, 723 A.2d 318 (1998), are distinguishable from the present case because they involve special permits and zone changes in which public hearings are mandated.

in the plaintiff's claim that rebuts that presumption. We give to lay administrative boards wide discretion on the inner workings of their bodies as long as no regulation or statute is violated. The Supreme Court in *Forest Construction Co.* v. *Planning & Zoning Commission,* supra, 155 Conn. 676, in a similar situation, stated: "A commission, operating at the administrative level under the circumstances of the present case, has a wide latitude in the mode permitted to parties in presenting their views before it. The implication is that it may use any procedure which is reasonable in attaining the end in view."

We will not superfluously examine the inner workings of the commission to find an irregularity when there is no claim that any regulation or statute has been violated and when no member of the commission has objected. In *Couch* v. *Zoning Commission,* 141 Conn. 349, 358, 106 A.2d 173 (1954), our Supreme Court stated that "[c]ourts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions."

The judgment is affirmed.

In this opinion the other judges concurred.